FILED

**NOT FOR PUBLICATION**

NOV 14 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARITA KUMARI NAND; et al., | No. 07-73209 |
| Petitioners, | Agency Nos. A078-642-072 |
| | A078-642-073 |
| v. | A078-642-074 |
| | A072-403-877 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011
San Francisco, California

Before:    HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Sarita Kumari Nand ("lead petitioner"), her husband, Bishwa Nand, and

their son, Binaal Nand Sahai, natives and citizens of Fiji, petition for review of the

Board of Immigration Appeal's ("BIA") affirmance of an immigration judge's

denial of their applications for asylum, withholding of removal, and relief under

the Convention Against Torture ("CAT").  The petitioners also seek review of the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

BIA's denial of their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's conclusion that the lead petitioner did not meet her burden of establishing past persecution. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1184-85 (9th Cir. 2006); *see also Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (holding that most threats do not rise to the level of persecution); *Korablina v. INS*, 158 F.3d 1038, 1043-44 (9th Cir. 1998) (recognizing that acts of violence against family members may show past persecution only when that violence creates a pattern of persecution closely tied to the petitioner).

Substantial evidence also supports the BIA's conclusion that the lead petitioner failed to meet her burden of establishing an independent well-founded fear of persecution on statutorily protected grounds. The record does not compel the conclusion that she will be targeted individually for future persecution. *See* 8 C.F.R. § 1208.16 (b)(2); *see also Lolong v. Gonzales*, 484 F.3d 1173, 1179-80 (9th Cir. 2007) (en banc) (recognizing that a "general, undifferentiated claim" does not establish eligibility for asylum); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (holding that record did not compel finding of well-founded fear of future persecution where Indo-Fijian petitioner had been hit and kicked by ethnic Fijians and there was no evidence that rape of petitioner's cousin's wife and murder of

cousin were tied to petitioner or perpetrated on account of race or political opinion). The record also does not compel the conclusion that the Fijian government has a systematic pattern and practice of persecuting Indo-Fijians. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009). Accordingly, petitioners are not eligible for asylum. *See id.* at 1060; *Deloso v. Ashcroft*, 393 F.3d 858, 863-64 (9th Cir. 2005).

Because the lead petitioner failed to meet the lower burden of proof for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

In addition, a fact finder would not be compelled to find the lead petitioner eligible for CAT relief because she offered no evidence that she would more likely than not be tortured if she were removed to Fiji. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

Petitioners contend that the BIA's failure to acknowledge statements contained in an affidavit they filed with their motion to reopen was an implicit and improper finding that the statements were not credible, and they further argue that the BIA was required to address all of the facts and evidence they submitted in support of their motion to reopen. A failure to discuss every statement in the affidavit submitted by the petitioners with their motion to reopen does not indicate

07-73209

that the BIA discredited any of the statements contained in the affidavit. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (concluding that there was no indication in the record that BIA failed to credit affidavit filed with motion to reopen even though BIA did not explicitly reference the petitioner's statements). In addition, the BIA is not required to address every fact and argument when deciding that a petitioner has not established a prima facie case that would make her eligible to have her case reopened. *See id.* at 990-91; *Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009).

The BIA also did not abuse its discretion by denying the motion to reopen because new evidence of generalized civil unrest does not make a petitioner eligible for relief. *See Najmabadi*, 597 F.3d at 990; *Lolong*, 484 F.3d at 1179.

Because the lead petitioner's petition fails, her son's and husband's derivative petitions also fail. *See Kumar v. Gonzales,* 439 F.3d 520, 521, 525 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED**.